IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIAN ROBINSON,<br>    Plaintiff | :<br>: |
| v. | :<br>:    CIVIL ACTION NO. 22-CV-2754 |
| JEFFERSON HOSPITAL, *et al.*,<br>    Defendants | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                               OCTOBER /3, 2022

Plaintiff Lillian Robinson has filed a *pro se* Complaint (ECF No. 2) ("Compl.") and a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1.) For the following reasons, the Court will grant Ms. Robinson leave to proceed *in forma pauperis*, dismiss her federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss any state law claims without prejudice for lack of subject matter jurisdiction.

## I.   FACTUAL ALLEGATIONS[1]

Ms. Robinson names the following Defendants: (1) Nina Mingioni, M.D., (2) Sarita Metzger, M.D., (3) Metale Patnaik, M.D., and (4) Leah Z. Apple, M.D.[2] (Compl. at 2-3.) Ms. Robinson alleges that she is asserting a medical malpractice claim, because the named

---

[1] The allegations set forth in this Memorandum are taken from Ms. Robinson's Complaint. (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Ms. Robinson also includes Jefferson Hospital in the caption of her Complaint. (SEE Compl. at 1.) She mentions "HUP" in the caption of her motion for leave to proceed in forma pauperis (ECF No. 1 at 1), but does not list HUP as a Defendant in the Complaint.

Defendants administered Welbutrin although they knew that she was allergic to it, and because she "was never place knowing under 302 of mentally incompetent . . ."[3] (*Id.* at 4.)

Ms. Robinson alleges that the events giving rise to her claim occurred between December 31, 2021 and January 3, 2022. (*Id.*) She alleges that during that time, she was transported from her home to the Hospital of the University of Pennsylvania ("HUP") when she suffered an allergic reaction to Welbutrin and experienced a related panic attack and paralysis of her hands and feet. (*Id.*) Ms. Robinson also alleges that she became delusional during the reaction. (*Id.*) Ms. Robinson alleges that Defendant Mingioni administered the Welbutrin on more than one occasion, but that when Defendant Mangioni learned that Ms. Robinson was allergic to Welbutrin, she administered Lexapro, which did not cause an allergic reaction. (*Id.*)

Ms. Robinson asserts violations of her First Amendment rights based on discrimination against the disabled, her Eighth Amendment rights based on suffering cruel and unusual punishment, medical malpractice, and deliberate indifference, and her Fourteenth Amendment due process rights. (*Id.* at 3.) Ms. Robinson claims that as a result of the foregoing, she has

---

[3] Ms. Robinson's use of "302" appears to be a reference to Section 302 of the Pennsylvania Mental Health Procedures Act ("MHPA"), entitled "Involuntary emergency examination and treatment authorized by a physician – Not to exceed one hundred twenty hours," which provides that:

> Emergency examination may be undertaken at a treatment facility upon the certification of a physician stating the need for such examination; or upon a warrant issued by the county administrator authorizing such examination; or without a warrant upon application by a physician or other authorized person who has personally observed conduct showing the need for such examination.

50 P.S. § 7302(a). Notwithstanding Ms. Robinson's reference to "302" she alleges no facts suggesting how the MHPA is applicable to her medical malpractice or other claims. Indeed, she appears to assert that the provisions were never invoked. In light of the Court's disposition of Ms. Robinson's claims, however, she can pursue this or any other claims arising under state law in an appropriate forum.

2

fallen into a depressive state, has experienced weight loss and hair loss, and has suffered pain in her bones and joints. (*Id.* at 5.) She claims that she has been denied adequate medical attention. (*Id.*) She requests an award of monetary damages. (*Id.*)

## II. STANDARD OF REVIEW

Because Ms. Robinson appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ms. Robinson is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Ms. Robinson alleges that she suffered an allergic reaction to Welbutrin administered on more than one occasion by Defendant Mangioni. She alleges that she required hospitalization and that she continues to experience physical and mental symptoms as a result of the allergic reaction. She asserts claims for violations of her First, Eighth, and Fourteenth Amendment rights as well as state law claims for medical malpractice. For the following reason, her constitutional claims are not plausible.

### A. Section 1983 Claims

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004). Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957

4

F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Ms. Robinson's § 1983 claims are not plausible for several reasons. First, none of the named Defendants is alleged to be a state actor or acting under color of state law. Rather, the Defendants appear to be physicians associated with HUP or Jefferson Hospital. A § 1983 claim cannot proceed against non-state actors. Additionally, Ms. Robinson includes facts in her Complaint describing Defendant Mangioni's participation in the conduct complained of, but she does not allege facts describing the personal involvement of Defendants Metzger, Patnaik, and Apple. Absent allegations describing their personal involvement, the claims against these Defendants are not plausible. Moreover, even if the named Defendants were state actors, the United States Supreme Court has held that § 1983 claims may not be predicated on mere negligence. *See Canton v. Harris*, 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). A claim based on mere negligence is also insufficient to allege a plausible Eighth Amendment violation. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."). Because the gravamen of Ms. Robinson's claim

is that she received negligent medical care, she has not stated a plausible § 1983 claim. Ms. Robinson's § 1983 claims will be dismissed. Because amendment to attempt to cure the defects described would be futile, no leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

### B. State Law Claims

Construed liberally, Ms. Robinson's Complaint also asserts a state law tort claim for medical malpractice. Because the Court has dismissed Ms. Robinson's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete

diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Ms. Robinson does not allege the citizenship of the parties. Rather, she provides only Pennsylvania addresses for herself and the Defendants, which suggests that she and some of the Defendants may be Pennsylvania citizens. Accordingly, Ms. Robinson has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue and these claims will be dismissed for lack of subject matter jurisdiction. The dismissal is without prejudice to Ms. Robinson pursuing these claims in an appropriate state court.

## IV.   CONCLUSION

For the reasons stated, the Court will grant Ms. Robinson's application for leave to proceed *in forma pauperis*, dismiss her federal claims with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss her state law claims without prejudice for lack of subject matter jurisdiction. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.